UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY HORNE,

                Plaintiff,                          Case No. 1:23-cv-12209

v.

                                               Honorable Thomas L. Ludington
ERIC RARDIN,                                   United States District Court Judge

                Defendant.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

On January 29, 2019, Petitioner Gregory Horne was sentenced to 93 months in prison for possessing with intent to distribute cocaine and crack cocaine, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of that offense, 18 U.S.C. § 924(c)(1), followed by three years of supervised release. *See United States v. Horne*, Case No. 4:18-cr-261 (N.D. Ohio Oct. 4, 2018). On July 19, 2023, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner argues that the Federal Bureau of Prisons (BOP) incorrectly determined that his conviction under 18 U.S.C. 924(c) precluded him from earning credits toward early release under the First Step Act. ECF No. 1 at PageID.7. But since filing his Petition, Petitioner has been released from prison and is on supervised release. *See* FED. BUREAU OF PRISONS, *Inmate Search*, https://www.bop.gov/inmateloc/ (search by register number 65660-060) (last accessed October 3, 2025).[1]

Article III, § 2 of the Constitution confines the judicial power of the federal courts to actual "cases" and "controversies." That limitation requires a litigant to demonstrate an injury that is

---

[1] Courts are "permitted to take judicial notice of information on the Inmate Locator Service." *Demis v. Sniezek*, 558 F.3d 508, 513, n.2 (6th Cir. 2009) (quotation omitted).

concrete, traceable to the challenged conduct, and capable of redress through a judicial remedy. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). In the habeas context, that principle carries force. Indeed, if issuing a writ of habeas corpus would neither shorten the petitioner's custody nor yield any collateral consequences, then no live controversy remains for the court to resolve—the case is thus moot. *See Demis*, 558 F.3d at 513. That is, the petitioner can no longer present a justiciable case or controversy within the meaning of Article III. *Id.*

Here, Petitioner's release from imprisonment moots his Petition and deprives this Court of the authority to resolve it. Because Petitioner has been released, habeas relief would not shorten his custody. And First Step Act time credits—the relief Petitioner seeks—may not be used to reduce the terms of supervised release. *Hargrove v. Healy*, — F.4th —, 2025 WL 2612003, *5–9 (6th Sept. 10, 2025). So Petitioner's release from custody "makes it impossible for [this Court] to grant any effectual relief." *Id.* As a result, his Petition, ECF No. 1, will be dismissed as moot.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED AS MOOT.**

Dated: October 8, 2025            s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge